CHERYL D. ORR (SBN 143196)
cheryl.orr@dbr.com
S. FEY EPLING (SBN 190025)
fey.epling@dbr.com
AYSE KUZUCUOGLU (SBN 251114)
ayse.kuzucuoglu@dbr.com
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone:    (415) 591-7500
Facsimile:    (415) 591-7510

Attorneys for Defendant
NEXTERA ENERGY OPERATING SERVICES, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL ROBINSON, an individual, on behalf of himself and all other similarly situated current and former employees,<br><br>Plaintiff,<br><br>v.<br><br>NEXTERA ENERGY OPERATING SERVICES, LLC, a Delaware Limited Liability Company; NEXTERA ENERGY RESOURCES, LLC, a Delaware Limited Liability Company, ,<br><br>Defendants. | Case No. C 10-02671 SI<br><br>**STIPULATION AND ORDER RE: VOLUNTARY DISMISSAL OF NEXTERA ENERGY RESOURCES, LLC** |

This Stipulation and [proposed] Order is entered into by Plaintiff MICHAEL ROBINSON and Defendants NEXTERA ENERGY RESOURCES, LLC and NEXTERA ENERGY OPERATING SERVICES, LLC (hereinafter the "Parties"):

WHEREAS, Plaintiff MICHAEL ROBINSON has filed the above captioned proposed wage and hour class action naming NEXTERA ENERGY RESOURCES, LLC as a defendant;

WHEREAS, in support of removal of this action, Defendant NEXTERA ENERGY

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATION & ORDER RE DISMISSAL OF
NEXTERA ENERGY RESOURCE, LLC
SF01/ 701391.1

CASE NO. C 10-02671 SI

1  OPERATING SERVICES, LLC, filed a declaration attesting to being the employer of Plaintiff
2  and the approximately 252 other individuals falling within Plaintiff's proposed class, and
3  subsequently filed an Answer to the claims brought by Plaintiff;
4      WHEREAS, Defendant NEXTERA ENERGY RESOURCES, LLC maintains that it is not
5  the employer of Plaintiff and the proposed class, and therefore, not a proper defendant for the
6  claims brought by Plaintiff;
7      WHEREAS, Defendant NEXTERA ENERGY RESOURCES, LLC further contends that
8  this court lacks jurisdiction over it, and by entering into this stipulation, does not in any way
9  consent to jurisdiction or waive any defense, whether jurisdictional or otherwise, that it might
10 have to the claims brought by Plaintiff;
11     WHEREAS, the parties to this agreement deem it to be in their mutual benefit that
12 Defendant NEXTERA ENERGY RESOURCES, LLC be dismissed as a party to this action;
13     Thereon, IT IS HEREBY STIPULATED AND AGREED UPON by the Parties, by and
14 through their counsel noted below, as follows:
15     1.   That all claims against NEXTERA ENERGY RESOURCES, LLC **only** are
16 voluntarily dismissed **without** prejudice.
17     2.   That any and all Statutes of Limitations applicable to the claims set forth in
18 Plaintiff's Complaint shall be tolled as to Defendant NEXTERA ENERGY RESOURCES, LLC,
19 commencing from the filing of the complaint (May 17, 2010) until the earliest of the following
20 dates:  (1) resolution of the Complaint as against NEXTERA ENERGY OPERATING
21 SERVICES, LLC; (2) the discovery cut-off date in this litigation; or (3) the filing of any claims
22 by Plaintiff against NEXTERA ENERGY RESOURCES, LLC (the "Tolling Period").  Should
23 Plaintiff elect to file any claim against NEXTERA ENERGY RESOURCES, LLC, Plaintiff
24 agrees to provide at least fourteen days' notice to counsel for NEXTERA ENERGY
25 OPERATING SERVICES, LLC.  It is specifically understood that NEXTERA ENERGY
26 RESOURCES, LLC does not waive or release any statute of limitations' defense which could
27 have been asserted prior to the execution date of this Agreement.
28     3.   It is further agreed that once the Tolling Period has expired and there has been no

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATION & ORDER RE DISMISSAL OF
NEXTERA ENERGY RESOURCE, LLC
SF01/ 701391.1
- 2 -
CASE NO. C 10-02671 SI

further action taken by the Plaintiff against NEXTERA ENERGY RESOURCES, LLC, all of Plaintiff's individual claims **only** against NEXTERA ENERGY RESOURCES, LLC will be deemed dismissed with prejudice without any further filings with the Court.

    4.    That the Parties agree to a mutual waiver of fees and costs.

Dated: September 23, 2010      DRINKER BIDDLE & REATH LLP

By: */s/ S. Fey Epling*
  Cheryl D. Orr
  S. Fey Epling
  Ayse Kuzucuoglu

Attorneys for Defendant
NEXTERA ENERGY RESOURCES, LLC
and NEXTERA ENERGY OPERATING
SERVICES, LLC

Dated: September 23, 2010      POLLARD/BAILEY

By: */s/ Dylan F. Pollard*
  Matt C. Bailey
  Dylan F. Pollard

Attorneys for Plaintiff
MICHAEL ROBINSON

## ATTESTION RE ELECTRONIC SIGNATURES

Pursuant to General Order 45.X.B., I attest that concurrence in the filing of the document has been obtained from the other signatory, which shall serve in lieu of his signature on the document.

Dated: September 23, 2010      DRINKER BIDDLE & REATH LLP

By: */s/ S. Fey Epling*
  S. Fey Epling

Attorneys for Defendant
NEXTERA ENERGY RESOURCES, LLC
and NEXTERA ENERGY OPERATING
SERVICES, LLC

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATION & ORDER RE DISMISSAL OF
NEXTERA ENERGY RESOURCE, LLC
SF01/ 701391.1

- 3 -

CASE NO. C 10-02671 SI

**ORDER**

The parties having so stipulated, it is hereby ordered as follows:

1. All claims against NEXTERA ENERGY RESOURCES, LLC **only** are dismissed without prejudice;

2. Any and all Statutes of Limitations applicable to the claims set forth in Plaintiff's Complaint shall be tolled as to Defendant NEXTERA ENERGY RESOURCES, LLC, commencing from the filing of the complaint (May 17, 2010) until the earliest of the following dates: (1) resolution of the Complaint as against NEXTERA ENERGY OPERATING SERVICES, LLC; (2) the discovery cut-off date in this litigation; or (3) the filing of any claims by Plaintiff against NEXTERA ENERGY RESOURCES, LLC (the "Tolling Period"). Should Plaintiff elect to file any claim against NEXTERA ENERGY RESOURCES, LLC, Plaintiff agrees to provide at least fourteen days' notice to counsel for NEXTERA ENERGY OPERATING SERVICES, LLC. Nothing in this Stipulation or Order shall be construed as a waiver or release by NEXTERA ENERGY RESOURCES, LLC of any statute of limitations' defense which could have been asserted prior to the date on which the Stipulation was executed.

3. Upon expiration of the Tolling Period without further action by the Parties, all of Plaintiff's individual claims **only** against NEXTERA ENERGY RESOURCES, LLC will be deemed dismissed with prejudice without any further filings with the Court

4. The Parties shall bear their own fees and costs.

IT IS SO ORDERED.

Dated: September _____, 2010

_____
SUSAN ILLSTON
United States District Judge

Drinker Biddle & Reath LLP
Attorneys At Law
San Francisco

STIPULATION & ORDER RE DISMISSAL OF NEXTERA ENERGY RESOURCE, LLC
SF01/ 701391.1

- 4 -

CASE NO. C 10-02671 SI