IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ROBINSON, on behalf of himself and all other similarly situated current and former employees,<br><br>    Plaintiff,<br>  v.<br><br>NEXTERA ENERGY OPERATING SERVICES, LLC,<br><br>    Defendant.<br>                                      / | No. C 10-02671 SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL** |

       Plaintiff, a former employee of defendant NextEra Energy, seeks to represent a class of similarly situated current and former employees for alleged wage and hour violations under California law, including denial of meal and rest breaks. *See* Complaint [Docket No. 1]. Currently before the Court is plaintiff's motion to compel defendant to provide further discovery regarding: (1) the numerical composition of the class [SRog Nos. 3, 5-6]; (2) class member contact information [SRog No. 7, RFP No. 23]; and (3) a personnel file document withheld on privilege grounds [RFP No. 25].

       As an initial matter, defendant objects to providing discovery regarding the numerical composition of the class or class member contact information on the ground that plaintiff is not an adequate class representative. *See* Docket No. 22 at 2 (arguing that plaintiff's violation of company policies, lack of honesty, and lack of familiarity with other job sites make him inadequate). The Court finds that the issue of class representative adequacy is premature at this juncture. Defendant's unproven allegations regarding plaintiff's honesty and familiarity with defendant's other job sites are not the type

of allegations that would excuse defendant's obligation to provide discovery regarding the composition of the class.

Defendant also objects to providing discovery regarding the composition of the class because the discovery sought is overbroad, as it covers six distinct job classifications and 13 locations. Defendant asserts that the Court should limit discovery to plaintiff's position (Wind Technician III) and plaintiff's locations (Green Ridge and WPP-90 sites). *Id*,. at 1-4. Plaintiff, however, has already agreed to limit the scope of the discovery to defendant's four "Wind Technician" positions. *See* Docket No. 21 at 2. Plaintiff also asserts that defendant's own documents demonstrate that all of those positions entail the same essential job functions and are covered by the same written policies. *Id.* at 2 (citing Ex. E, fn 5.); *id*. at 3 (citing Ex. H at 1, ¶4). On the record before the Court, the Court finds that plaintiff is entitled to discovery covering all four Wind Technician positions at all of defendant's California locations.

With respect to contact information for the proposed class members, plaintiff has already agreed to provide a *Pioneer* notice to obviate defendant's objection based on the employees' right to privacy. *Id*. at 2; *see also Pioneer Electronics (USA), Inc. v. Superior Court*, 40 Cal. 4th 360 (2007). As such, there are no grounds for defendant to object to providing the discovery plaintiff seeks. The Court, therefore, GRANTS plaintiff's motion to compel further responses to SRog Nos. 3, 5-7 and RFP No. 23.

The Court rejects plaintiff's argument that it is entitled to additional facts regarding a document (NEXTROB-000862-63) withheld from the production of plaintiff's personnel file on the basis of attorney-client privilege. The information provided in the privilege log, the fact that the document was contained in plaintiff's personnel file – indicating it is not a document regarding NextEra's normal business operations as opposed to a legal matter – as well as defense counsel's assertion that the document was sent "solely" for the purpose of obtaining and/or securing legal advice, is a sufficient showing to justify its withholding under the attorney-client privilege. The Court, therefore, DENIES, plaintiff's motion to compel production of the document in response to RFP No. 25.

Finally, the Court DENIES plaintiff's request for sanctions. However, the Court recognizes that plaintiff responded to defendant's initial objections with detailed justifications and nonetheless made

reasonable accommodations, including limiting discovery to the four Wind Technician positions and agreeing to the *Pioneer* notice. The Court cautions defendant that it should likewise attempt to negotiate in a reasonable manner to avoid future discovery motions.

**IT IS SO ORDERED.**

Dated: May 3, 2011

SUSAN ILLSTON
United States District Judge